IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 09-42-BLG-RFC |
| | ) | CV 11-28-BLG-RFC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTIONS |
| | ) | AND DENYING CERTIFICATE |
| JAMIE ALATORRE, | ) | OF APPEALABILITY |
| | ) | |
| Defendant. | ) | |

On February 16, 2011, Defendant Jamie Alatorre, acting through counsel, filed a motion for specific enforcement of her plea agreement. On March 18, acting pro se, she filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.

Although the § 2255 motion was initially stayed pending resolution of the motion to enforce the plea agreement, a stay is not necessary because both motions are based on the same facts. On April 19, 2011, the stay was lifted, and Alatorre was given an opportunity to file an additional or different grounds for relief she wanted the Court to consider under § 2255. She did not respond.

In both of her submissions, Alatorre asserts that she believed, when she entered

ORDER DENYING MOTIONS / PAGE 1

into her plea agreement, that she would receive credit for the 345 days she spent in custody before her federal sentence was imposed.

## I. Background

Alatorre entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). She agreed to plead guilty to a charge of possessing with intent to distribute 21 grams of a substance containing methamphetamine. Plea Agreement (doc. 48) at 2 ¶¶ 1-4; Information (doc. 53) at 2; Lansing Aff. (doc. 74) at 2 ¶ 2(a). Although, as she says, "the federal sentencing guidelines indicated that the sentencing guideline range for 21 grams would have been 51 to 63 months," Alatorre Aff. (doc. 73) at 3 ¶ 6, she agreed to a sentence of 90 months, followed by six years' supervised release, Plea Agreement at 2-3 ¶ 5. From these facts, it is evident that Alatorre pled guilty because she believed a jury would likely convict her, and she agreed to a 90-month sentence because she believed either a jury or I would find her responsible for at least 21 grams, and 90 months was probably the best she could do.[1]

The plea agreement does not discuss credit for time served or good time. Originally, the agreement provided, "The United States will object to making any

---

[1] Although the Plea Agreement provided for "only a two point credit for acceptance of responsibility," Plea Agreement at 10 ¶ 11(c), the United States moved for the third point and Alatorre received it at sentencing, Sentencing Tr. (doc. 81) at 4:23-5:3; Presentence Report ¶¶ 42-43. Without the third point, the advisory guideline range would have been 100-125 months instead of 92-115 months. U.S.S.G. ch. 5 Part A (Sentencing Table).

term of incarceration imposed in this case concurrent to any other sentence the defendant may be serving," id. at 11 ¶ 11(d), but the parties crossed that provision out.

At sentencing, I accepted the plea agreement, even though I almost never accept binding agreements under Rule 11(c)(1)(C). Alatorre got exactly what she bargained for: 90 months in prison. The federal sentence was to run concurrently with her outstanding state sentences. Minutes (doc. 65); Judgment (doc. 66) at 2.

Alatorre now states:

> I believed and understood that I would be given credit against my Federal sentence for the time I spent in custody prior to my sentencing, and this was important to me as it involved nearly a year.

Alatorre Aff. at 3 ¶ 7. She also alleges that counsel was ineffective because he "should have done more research" before advising her to accept the plea bargain. Mot. § 2255 (doc. 77) at 4 ¶ 12A.

One last fact is important, because it appears to provide the occasion for the motion. The BOP initially projected Alatorre's release date as October 6, 2015. Now, she says, it sets her projected release date at September 7, 2016. Purportedly, this is because she "will not be given credit for the 346 days that I spent in custody

between the date of my arrest and my sentencing hearing."[2] Alatorre Aff. at 3 ¶ 8.

## II. Analysis

### A. These motions are not well-founded in fact.

Even Alatorre, by her own argument, expected to serve 90 months from the date of her arrest on March 24, 2009. Alatorre Aff. (doc. 73) at 3 ¶¶ 6-7. Ninety months from March 24, 2009, is September 24, 2016. Her currently projected release date is September 7, 2016. Inmate Locator, http://www.bop.gov/loc2/LocateInmate.jsp (accessed May 3, 2011).

I do not know how the BOP arrived at October 6, 2015, but that is 78 months from the date of her arrest, and only 66 months from the date of her sentencing.[3] When I said 90 months, I meant 90 months. I did not mean 78 months. I really did not mean 66 months. Sentencing Tr. (doc. 81) at 9:9-11. I would not impose that sentence if Alatorre were to be resentenced as she asks.

### B. These motions are not well-founded in law.

The plea agreement does not discuss credit for time served. Nothing in

---

[2] Perhaps she received credit against a state sentence for that time. 18 U.S.C. § 3585(b). If so, she received credit for time served, just as she expected. But she does not say one way or the other.

[3] A concurrent sentence imposed on a defendant who is in custody commences on the date it is imposed. 18 U.S.C. § 3585(a). The face page of every Presentence Report says how many days the defendant has been in custody. It does not purport to set forth credit for time served.

Alatorre's motion and supporting documents suggests that counsel or Alatorre were misled in any way. Because there was no "promise or agreement of the prosecutor," Santobello v. New York, 404 U.S. 257, 262 (1971), the United States did not breach the plea agreement.

Even assuming, solely for the sake of argument, that counsel's advice was unreasonable, Alatorre was not prejudiced, Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Her currently projected release date is *less* than 90 months from the date of her arrest on March 24, 2009. To whatever extent she "expected" to receive good time, her expectation cannot be reasonable, because she cannot expect the BOP will find her conduct "exemplary." 18 U.S.C. § 3624(b)(1). Further, she does not claim she wants to withdraw her plea and proceed to trial. Mot. § 2255 (doc. 77) at 4 ¶ 12A; Hill v. Lockhart, 474 U.S. 52, 59 (1985). She could not reasonably allege that. Her concern is clearly with the length of her sentence, Alatorre Aff. at 4 ¶ 11, not the intelligence of her guilty plea.

### III. Conclusion and Certificate of Appealability

There is no basis in fact or in law for either of Alatorre's motions. They are denied. A certificate of appealability on the § 2255 motion is denied because Alatorre has made no showing that she was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Alatorre's motions to enforce the plea agreement (doc. 71) and to vacate, set aside, or correct the judgment under 28 U.S.C. § 2255 (doc. 77) are DENIED.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-28-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Alatorre.

DATED this 4th day of May, 2011.

Richard F. Cebull, Chief Judge
United States District Court